# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MACY'S RETAIL HOLDINGS, INC.,**
**Employer Below, Petitioner**

**FILED**
November 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 12-0049** (BOR Appeal No. 2046163)
(Claim No. 2011005941)

**EDWARD THOMAS,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Macy's Retail Holdings, Inc., by Michael A. Kawash, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated December 16, 2011, in which the Board affirmed a July 12, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 25, 2010, Order denying the application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Thomas was employed in housekeeping by Macy's Retail Holdings, Inc. and its predecessors from 1983 until March 28, 2010, when his job was outsourced. On June 20, 2010, Mr. Thomas filed a claim for workers' compensation benefits for a torn right rotator cuff. On October 25, 2010, the claims administrator denied the claim because it was not timely filed and there was no specific work related incident.

The Office of Judges found the evidence established that Mr. Thomas incurred an injury to his right shoulder, including rotator cuff tear, during the course of and as a result from his

1

employment. Macy's Retail Holdings, Inc. argues that because Mr. Thomas filed for unemployment benefits delaying the filing of his workers' compensation claim for three months after his employment ended and that the claim should not be held compensable.

According to *Lilly v. State Workmen's Compensation Commissioner*, 159 W. Va. 631, 225 S.E.2d 214 (1976), repetitive job duties can cause an occupational disease in the course of and resulting from employment. The Office of Judges concluded that Mr. Thomas's job duties were repetitive in nature and were the proximate cause of his injuries. The Office of Judges noted that Mr. Thomas's evidence is the only medical evidence of record and it credibly demonstrates that Mr. Thomas incurred a right rotator cuff tear. The Office of Judges further noted that Dr. Cox stated that a diagnosis of a torn rotator cuff is typically secondary to either a traumatic injury or chronic repetitive irritation. Dr. Cox found Mr. Thomas's job responsibilities were consistent with chronic repetitive irritation. Thus, the Office of Judges found that the claims administrator was wrong to deny the application for workers' compensation benefits. The Board of Review reached the same reasoned conclusions in its decision of December 16, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:    November 14, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Brent D. Benjamin